MEDORA E. BROWN ET AL. *v.* J. M. CASBIER ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—613.]

**Wife's Separate Property.**

The husband has no power, by his express agreement to that effect, to convert into a separate estate his wife's profits in business

or her earnings, to be enjoyed by her to his exclusion. Only a court of chancery and the husband's consent thereto can effect such purpose.

### Parties to an Action.

The wife can not sue for an injury to her husband's property simply because it is in her manual possession, and she is not a proper party in such an action.

### APPEAL FROM OHIO CIRCUIT COURT.

February 2, 1882.

OPINION BY JUDGE HARGIS:

It is alleged in the petition that Mrs. M. E. Brown was a tradeswoman and the owner of a grocery store, which she bought and paid for with money obtained by the sale of a tract of land which descended to her from her mother; that her husband agreed that she might trade and do business in her own name; that no part of the money for which she sold the land ever came to his possession; and that the defendant, Casbier, under color of his office as constable, illegally seized and took from her possession the stock of groceries and wrongfully disposed of them, without any sort of claim, process or precept against her and her goods. To the petition the constable and his sureties demurred and their demurrer was sustained and the petition dismissed, and she and her husband prosecute this appeal.

It was held by this court in the case of *Uhrig v. Horstman,* 8 Bush (Ky.) 172, that "under existing laws it is not within the power of the husband by mere assent, or even by an express agreement to that effect, to convert the wife's earnings, or the profits of any trade or business he may permit her to carry on, into separate estate, to be used and enjoyed by her to his exclusion. The wife can only be empowered to acquire such an estate from such sources by a court of chancery, and the husband's consent thereto, when necessary, must be given of record in that court." This authority is conclusive against her claim to the groceries based on the consent or agreement of her husband that she might trade and do business in her own name.

The proceeds of a wife's general estate may be set apart to her separate use, but there is no allegation in the petition that the money for which she sold the land or the groceries bought with

the money, or the profits of the business, was to be held by her as her separate estate. The most that is alleged in the petition is that her husband agreed that she might trade and do business in her own name and right as if she were unmarried, but nowhere is it alleged that he agreed that she might hold the property, its proceeds or profits, in her own separate right free from his use, interest or control.

No abandonment or surrender of his marital rights are alleged to have been made by him except the concession to permit her to trade as a feme sole, which can not be authorized in any other mode than that provided for by the statutes upon the subject. 2 Rev. Stat. (1867), Ch. 47, Art. 2, § 4. We are therefore of the opinion that the groceries were the husband's and the wife had no right of action in her name for the alleged trespass.

The caption of the petition contains the name of the husband as a coplaintiff, but he is not mentioned in the body of the petition. The plural term "plaintiffs" used in the petition expressly refers to Mrs. Brown and the commonwealth, which she joined as plaintiff for her use and benefit.

As no allegation is made by the husband declaring a general or special ownership in the property, or setting forth any damage sustained by him from the alleged wrongs of the constable, we think the demurrer was properly sustained so far as he is concerned.

It is well settled that the wife can not sue for an injury to her husband's property simply because it is in her manual possession, for, could she do so, every wife who keeps house and takes care of and controls the husband's goods and chattels, which so frequently come into her manual possession for such purpose, would be constantly a proper party to actions for trespass to property which does not belong to her and over which she does not exercise the rights or incur the responsibilities of an ordinary bailee for hire or gratuity.

Judgment *affirmed.*

*Sandifer & Fogle, for appellants.*

*Walker & Hubbard, for appellees.*